UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ERNEST MING, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:07CV1201 HEA |
|  | ) |  |
| DAVE DORMIRE and CHRIS KOSTER, | ) |  |
| Attorney General for the State of Missouri, | ) |  |
|  | ) |  |
| Respondents, | ) |  |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254. [Doc. No. 3]. The Court referred this matter to Magistrate Judge Thomas C. Mummert, III for a Report and Recommendation pursuant to 28 U.S.C. § 636. Judge Mummert has filed his Order and Report and Recommendation that the Petition be denied. Petitioner has filed written objections. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which

petitioner objects. For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus is denied.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In reviewing a state court conviction, a federal court also presumes that a state court's factual determinations are correct; this presumption may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In construing

AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409. See also, *Bell-Bey v. Roper*, 499 F.3d 752, (8th Cir. 2007)("To be unreasonable, the state court's application of Supreme Court precedent must have been 'objectively unreasonable,' a standard that is more demanding than simply being 'incorrect or erroneous.' *Wiggins v. Smith*, 539 U.S. 510, 520-21(2003).").

"'Federal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *Evenstad v. Carlson*, 470 F.3d 777, 782-83 (8th Cir.2006) (quoting *Williams v. Taylor*, 529 U.S. 262, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to

point to the Supreme Court precedent he thinks the state courts acted contrary to or applied unreasonably. *Id*. at 283 (citing *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir.2006); *Owsley v. Bowersox*, 234 F.3d 1055, 1057 (8th Cir.2000)). Thus, where there is no federal law on a point raised by a habeas petitioner, a federal court cannot conclude either that a state court decision is "'contrary to, or involved an unreasonable application of, clearly established Federal law' under 28 U.S.C. § 2254(d)(1)." *Id*. at 784. "When federal circuits disagree as to a point of law, the law cannot be considered 'clearly established' under 28 U.S.C. § 2254(d)(1). *Id*. at 783 (citing *Tunstall v. Hopkins*, 306 F.3d 601, 611 (8th Cir.2002)). See also *Carter v. Kemna*, 255 F.3d 589, 592 (8th Cir.2001) (holding that in the absence of controlling Supreme Court precedent, a federal court cannot reverse a state court decision even though it believes the state court's decision is "possibly incorrect").

## Discussion

Petitioner objects to Judge Mummert's conclusions with regard to the merits of his Petition.[1]

Petitioner objects to Judge Mummert's recommendation on Petitioner's claim that his due process rights were violated because Juror Number 12 was not

---

[1] Petitioner did not object to Judge Mummert's conclusion that this Petition is time barred. Because Judge Mummert addressed the merits of the Petition in the interests of judicial economy, this Court will likewise address Petitioner's objections.

stricken for cause. Petitioner relies on *Johnson v. Armontrout,* 961 F.2d 748 (8th Cir. 1992). In *Johnson*, however, the Court was confronted with some jurors from one trial sitting as jurors in a second trial involving a different defendant for the same robbery. The *Johnson* Court noted the "exceptional circumstances" of that particular case and concluded that "an ambiguous silence" by the group was sufficient to support a finding of fact that the jurors were not biased. In this case, there are no "exceptional circumstances" which would give rise to further inquiry from Juror Number 12. Initially, Juror Number 12 expressed concern that one of the charges was a murder charge. The trial court, questioned the panel at the end of voir dire as to whether anyone could not follow the instructions of law that were to be given. Juror Number 12 did not respond to that question, and the trial court concluded that she was not biased. The Court agrees with Judge Mummert's analysis and conclusion that Petitioner produced no clear and convincing evidence to the contrary, and that this Court must accept the state court's factual finding that she was not actually biased. *Sanders v. Norris*, 529 F.3d 787, 791 (8th Cir. 2008).

Petitioner argues that the trial court's failure to allow Petitioner to question Jackie Mayweather violated his constitutional right to confrontation. However, as Judge Mummert correctly concluded, without deciding whether or not the trial court violated the Confrontation Clause, any such violation would constitute

harmless error. Petitioner cannot demonstrate prejudicial error in the trial court's limitation on the cross-examination because of the overwhelming evidence of Petitioner's guilt and the corroboration of Mayweather's testimony by other evidence.

Petitioner also objects to the ruling by the Missouri Court of Appeals and Judge Mummert's Report and Recommendation regarding the alleged juror misconduct. Petitioner argues that MAI-CR 302.01, which instructs jurors not to share notes until deliberations, establishes that the ruling made by the Court of Appeals and Judge Mummert was contrary to clearly established federal law. Petitioner also relies on *Renner v. United States*, 347 U.S. 227, 228 (1954) and *United States v. Bosch*, 584 F.2d 1113 (1st Cir. 1978).[2] With respect to MAI-CR 302.01, Petitioner's reliance is misplaced. The instruction refers to notes taken during the course of the evidence presented. In the matter before the Court, notes taken by jurors during the course of the trial are not at issue. As Judge Mummert correctly points out, *Renner* involved an outside communication by a third party. Here, the communication was between two jurors, in open court during a break in the proceedings, and it appeared to be a humorous note. This isolated incident, as

---

[2] *Bosch* involved claims of ineffective assistance of counsel regarding whether the jury should have been allowed to consider prior criminal acts; it does not address the issue of juror misconduct.

thoroughly discussed by Judge Mummert, did not require a hearing.

Finally, Petitioner challenges Judge Mummert's conclusion that counsel was not ineffective for failing to investigate and call Rhonda Ming and Quita Ming regarding his whereabouts at the time of the offenses. The record establishes that counsel did investigate Petitioner's alibi defense, however, because counsel could not substantiate the information he received, *i.e.* that Petitioner was in Kansas City on the day of the offenses. The state court's determination that counsel's strategic decision not to call Rhonda Ming and Quita Ming did not rise to the level of ineffective assistance of counsel and is not contrary to nor an unreasonable application of federal law under the *Strickland* standard.

## Conclusion

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects. The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition. Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety. The Court will adopt the Recommendation of Judge Mummert that the Petition be denied.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a]

certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Ernest Ming for Writ of Habeas Corpus, [Doc. No. 3], pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in that, as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 7th day of September, 2010.

_____
      HENRY EDWARD AUTREY
    UNITED STATES DISTRICT JUDGE